IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 16-cv-250-jdp

DARREN M. DOSEMAGEN, and
KAYE M. DOSEMAGEN, CARGILL, INC.,
LANDMARK SERVICES COOPERATIVE,
COUNTRY PLUMBER, INC.,

    Defendants.

## JUDGMENT OF FORECLOSURE AND SALE

The Defendants, Darren M. Dosemagen, Kaye M. Dosemagen, Landmark Services Cooperative, and Country Plumber, Inc., having failed to appear, plead, or otherwise defend in this action, and default having been entered against them on June 29, 2016, the United States and Defendant Cargill, Incorporated having entered into a Stipulation for Entry of Judgment, and counsel for Plaintiff United States of America having requested judgment and having filed a proper motion and declarations in accordance with Fed. R. Civ. P. 55(a) and (b);

Judgment is hereby entered in favor of Plaintiff and against Defendants as follows:

    1.    There is now due and owing to Plaintiff as of and including August 23, 2016, the following sum: *See* Attachment A.

2.      Plaintiff is entitled to Judgment of Foreclosure and Sale in the usual form on the mortgaged premises, located in Columbia County, Wisconsin, and described more specifically as:

> A parcel in the Southwest Quarter (S.W. 1/4) of the Northeast Quarter (N.E. 1/4) of Section Twenty-Seven (27) which lies Southwest of Highway 16 and Northeast of Old Highway 16, and also that part of the Southeast Quarter (S.E. 1/4) of the Northwest Quarter (N.W. 1/4) of Section Twenty-Seven (27), which lies East of Old Highway 16, all in Township Twelve (12) North, Range Ten (10) East, except land in Volume 228, page 568 and except land in Volume 272 of Deeds, page 608, in the Town of Wyocena, Columbia County, Wisconsin.
>
> Tax Parcel Number: 042-642.1

3.      The mortgaged premises shall be sold as a whole at public auction in the County of Columbia, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin.

4.      The Defendants, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises.

5.      In case of sale pursuant hereto:

a)      the United States Marshal shall give public notice of the time and place of the sale as required by law, and that notice of the sale be published in the <u>Portage Daily Register</u>, a newspaper published in the City of Portage, Columbia County, Wisconsin;

b) the United States Marshal shall allow any of the parties to this action to purchase at the sale the above-described premises;

c) the United States Marshal shall file with the Clerk of this Court his report of the sale, and shall also immediately after the sale deposit the proceeds thereof, after deducting the costs and expenses of the sale unless otherwise ordered by the Court;

d) the United States Marshal may accept from the purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be deposited as above provided, and the balance of the sale price shall be paid to the United States Marshals' Service by the purchaser at the sale, within thirty (30) days of the date of sale, except that if Plaintiff is the successful bidder at the sale, the United States Marshal may take the receipt of Plaintiff in lieu of cash payment;

e) the United States Marshal, upon compliance on the part of the purchaser with the terms of the sale as required by law, and upon confirmation of the sale by the Court, shall make and execute to the purchaser a deed to the premises so sold, as above described, stating the price paid therefor;

f) the United States Marshal shall deliver the deed to the purchaser, upon compliance by the purchaser with the terms of the sale, and the payment by him of any balance of the sale price to be paid, and upon confirmation of the sale by the Court;

g) the United States Marshal shall thereupon pay from the proceeds of the sale all claims superior to Plaintiff as determined by the Court, and to Plaintiff, the amount of said judgment, together with interest from the date of judgment on all of said sums, as set forth in 28 U.S.C. § 1961(a), from the date hereof, or so much thereof as the monies derived from the sale of the premises will pay the same, and take receipts therefor; and

h) the surplus money, if any, shall be subject to the further order of the Court.

6. If the proceeds of such sale be insufficient to pay the amounts aforesaid, the United States Marshal shall specify the amount of the deficiency in his report of sale. Deficiency judgment is not being sought herein.

7. Upon confirmation of sale of the mortgaged premises:

a) the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof;

b) any of the parties to this action who may be in possession of the premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in the deed possession of the mortgaged premises, and

c) a writ of assistance shall issue if necessary to secure such possession.

8. Plaintiff may pay any taxes or insurance premiums on the mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on the premises for the amount so paid with interest as set forth in 28 U.S.C. § 1961(a); and that in the event any such payments are made, Plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged premises.

9. Defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon the mortgaged premises and from doing any other act that may impair the value of the same.

Dated this 23RD day of AUGUST, 2016.

BY THE COURT:

JAMES D. PETERSON
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 23d day of August, 2016.

PETER OPPENEER
Clerk of Court
United States District Court